FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 27 2010
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER BRADLEY,

    Petitioner,

  -against-

CHARLES DANIELS,

    Respondent.
----------------------------------X

MEMORANDUM AND ORDER

Civil Action No.
CV-10-1084 (DGT)

Trager, J:

    Petitioner Christopher Bradley, pro se, seeks a writ of habeas corpus ad subjiciendum pursuant to Article I, section 9, of the United States Constitution. The Clerk of the Court has designated the petition as one arising under 28 U.S.C. § 2241. Although no position is now taken on the merits of Bradley's petition, based on its content, it is properly designated as § 2255 motion. Bradley's only challenges are to the Court's jurisdiction and the government's authority to prosecute. Because pro se filings are to be construed liberally, see United States v. Detrich, 940 F.2d 37, 38 (2d Cir. 1991), Bradley's petition will be converted to a motion under 28 U.S.C. § 2255 unless he withdraws it, with notification given to the Court, within thirty days of this order.

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2255, curtails a petitioner's ability to file second or successive motions under § 2255 and



places strict time limits on the filing of such motions. <u>Adams v. United States</u>, 155 F.3d 582, 584 & n.2 (2d Cir. 1998). Accordingly, "district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." <u>Adams</u>, 155 F.3d at 584. Certain steps must be taken before a district court can make such a finding. "[T]he district court must notify the <u>pro se</u> litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003).

Regarding the restriction on second or successive motions, § 2255 provides only two narrow exceptions to the rule that a prisoner may file only one habeas petition challenging the

2

imposition of his sentence.[1] Accordingly, Bradley's § 2255 motion should contain all the claims which he believes he has. See Castro, 540 U.S. at 383.

Next, § 2255 imposes a one-year period within which a prisoner may file a habeas and provides that the period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

---

[1] Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)

3

> applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Assuming that subparagraphs (2) through (4) do not apply, Bradley's § 2255 motion may be untimely. "[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). As it existed at the time, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provided that Bradley's notice of appeal had to be filed within ten days after his judgment was entered. (Rule 26(a)(2) excluded intermediate Saturdays, Sundays and legal holidays from the ten days.)

Bradley's judgment was filed on July 25, 2007, and he arguably had until August 8, 2007, to file a notice of appeal. There is no indication that he did so. Absent tolling or the application of another subparagraph of § 2255(f), the one-year period of limitation within which Bradley had to file his habeas began to run the next day and expired on August 9, 2008. If Bradley consents to the conversion of his petition, it will be subject to the time restriction provided by § 2255(f), and Bradley should demonstrate why it should not be dismissed as untimely.

As indicated, regardless of Bradley's position on whether

4

his claims fall under § 2255, it is apparent that § 2255 is the proper vehicle for them "because of the nature of the relief sought." Section 2255 provides relief for federal prisoners "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Bradley's only allegations are unlawful jurisdiction and unlawful prosecution, claims which fall squarely within § 2255.

## Conclusion

Bradley is hereby notified that the Court intends to convert his petition under Article I, section 9, of the United States Constitution, notwithstanding its designation, to a motion under 28 U.S.C. § 2255. Bradley is hereby warned that this conversion means that his petition will be subject to the time limitations set forth above and any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. Bradley may withdraw his petition or amend it so that it contains all the § 2255 claims he believes he has. But if Bradley amends his petition as converted, he is hereby directed to show cause why his petition should not be dismissed as untimely by the filing of

an affidavit accompanying his amended claims. Bradley must make any amendment to his petition within thirty days of the date of this order.

Bradley may also elect to have his motion ruled upon as filed. However, Bradley is hereby warned that should he choose to do so, his petition will likely be dismissed.

Should Bradley choose to withdraw the petition or have the Court rule on it as filed, he must notify the Court of his wish to do so in writing within thirty days. If Bradley decides to withdraw the instant petition, any new motion or petition under § 2255 must be filed within the one-year limitation period set forth in 28 U.S.C. § 2255(f). All further proceedings shall be stayed for thirty days from the date of this order. If Bradley fails to notify the court within thirty days that he wishes to withdraw this petition, it shall be designated as a motion under § 2255.

Dated:   Brooklyn, New York
         October 27, 2010

                                    SO ORDERED:

                                    ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
                                    David G. Trager
                                    United States District Judge