```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTOPHER BRADLEY, pro se,         :
                                      :
                    Petitioner,       :
                                      :           SUMMARY ORDER
            -against-                 :           10-cv-1084 (DLI)
                                      :
UNITED STATES,                        :
                                      :
                    Respondent.       :
-------------------------------------------------------X
```
**DORA L. IRIZARRY, United States District Judge:**

On March 8, 2010, *pro se* Petitioner Christopher Bradley filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] By Order dated October 27, 2010, the court converted the petition to one pursuant to 28 U.S.C. § 2255. Subsequently, Petitioner filed motions to amend and for the court to take judicial notice of the location of Petitioner's criminal activity. For the reasons set forth below, the petition is denied, and Petitioner's motions to amend and for judicial notice are denied.

## BACKGROUND

On November 5, 2005, Petitioner, a member of a criminal organization called the Martin Family Crew, pled guilty pursuant to a plea agreement to Count Three of a second superseding indictment, which alleged that he and others, while engaged in a conspiracy to distribute cocaine base, murdered Lewayne Harrison, in violation of 21 U.S.C. § 848(e)(1)(A). Petitioner was sentenced to 276 months of imprisonment. The judgment and order of conviction in this case was entered on July 23, 2007. Petitioner did not appeal.

---

[1] In reviewing plaintiff's petition, the court is mindful that, a *pro se* submission, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

On March 8, 2010, Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241. In the Order converting the petition to one pursuant to 28 U.S.C. § 2255, the court directed Petitioner to show cause why the petition should not be dismissed as untimely. On November 26, 2010, in response to the court's Order, Petitioner filed a motion to amend his "challenges [to] the court's lack of jurisdiction," and a motion requesting that the court take judicial notice of the location of the crime for which he was convicted. (Docket Entries 6, 8.) Petitioner argues that the court lacked jurisdiction over his criminal case because the crime occurred at a "geographical address [that] is not 'ceded' to the federal government." (*See* Docket Entries 6, 8; *see also* Pet. Reply, Docket Entry 17.)

## DISCUSSION

1. **Petitioner's Habeas Petition**

    a. **The Petition is Untimely**

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for motions under Section 2255. *See* 28 U.S.C. § 2255(f). The limitation period runs from the latest of several events, and the applicable event here is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

    Petitioner's judgment of conviction was entered on July 23, 2007. He did not appeal the decision. "[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). At the time Petitioner was sentenced, the time to file a direct appeal was ten business days from the entry of judgment. *See* Fed. R. App. P. 4(b). Petitioner's time to file a direct appeal expired on August 6,

2007, and, thus, he had until August 6, 2008 to file his habeas motion. However, Petitioner did not file the instant petition until March 8, 2010.

Petitioner has provided no basis for equitably tolling the statute of limitations. *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007) ("[I]n rare and exceptional circumstances a petitioner may invoke the courts' power to equitably toll the limitations period. To qualify for such treatment, the petitioner must establish that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." (internal quotation marks and citation omitted)).

Indeed, Petitioner's only argument is that the location in Brooklyn where his crimes were committed is not within the court's jurisdiction because it was never "'ceded' to the federal government." (Docket Entries 6, 8.) Petitioner argues that, despite any untimeliness, the court can properly assess whether it had jurisdiction over Petitioner's criminal case. However, the court's jurisdiction over violations of 21 U.S.C. § 848 does not depend on the United States' power over federal lands. Rather, it derives from Congress' power to regulate interstate commerce. Therefore, whether Petitioner's criminal activity was located on federal property is irrelevant. Petitioner's jurisdictional claims do not provide an adequate excuse for his failure to timely file his petition.

In sum, Petitioner has not provided any rare and exceptional circumstances that justify the equitable tolling of the period of limitations. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). Therefore, the petition must be dismissed as untimely.

### b. Even if the Petition was not Time-Barred, it would be Procedurally Barred

Even if the petition had been filed in a timely manner, Petitioner's claims would be procedurally barred. "[A] motion under § 2255 is not a substitute for direct appeal," and a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review. *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005). The procedural default bar may be overcome only where the petitioner establishes either "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." *Id*. Here, Petitioner failed to raise his claims on direct appeal, and he is unable to demonstrate cause or prejudice. Moreover, he has not raised a claim of actual innocence. Therefore, Petitioner's claims are also procedurally barred, and this provides additional justification for the denial of the petition.

### 2. Petitioner's Motions to Amend and for Judicial Notice are also Denied

Petitioner's motions to amend and for judicial notice must also be denied. In Petitioner's motion to amend, he seeks to address the "challenges against the court's lack of jurisdiction." In light of the fact that the court finds Petitioner's jurisdictional argument to be without merit, amendment would be futile. Therefore, Petitioner's motion is denied. For the same reason, Petitioner's request that the court take judicial notice of the location of the crime for which he was convicted and that the location was not ceded to the federal government is also unnecessary, and is thus denied.

## CONCLUSION

For the reasons set forth above, petitioner's request for relief pursuant to 28 U.S.C. § 2255 is denied in its entirety. Petitioner's motions to amend and for judicial notice are also denied. Petitioner is further denied a certificate of appealability as he fails to make a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       April 20, 2011

                                           /s/
                               DORA L. IRIZARRY
                           United States District Judge